# EXHIBIT A

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
04/16/2026 - 2:13PM
Linda Myhre Enlow
Thurston County Clerk

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THURSTON COUNTY

| | |
|---|---|
| JESSICA DIVENS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTAR REALTY INFORMATION, INC. d/b/a APARTMENTS.COM,<br><br>Defendant. | NO. 26-2-02355-34<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Jessica Divens ("Plaintiff") brings this Class Action Complaint ("Complaint") on behalf of herself and all others similarly situated against Defendant CoStar Realty Information, Inc., d/b/a Apartments.com ("Apartments.com" or "Defendant"), and states as follows:

## I. NATURE OF THE ACTION

1. There is a cost-of-living crisis in our country, one that is especially acute in the housing market. One reason is the relentless imposition of add-on fees in excess of advertised rental rates—including "pay to pay" fees like those at issue in this Complaint, wherein consumers are charged add-on junk fees by third party middlemen merely for doing what they are required to do under the terms of their residential leases: make their rent payments.

2. Plaintiff brings this putative class action lawsuit seeking monetary damages, restitution, and injunctive relief arising from Defendant's deceptive and unfair imposition of junk "Transaction Fees" on rent payments completed through Defendant's online platform.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

3. The Transaction Fee is added at the very last step of the checkout process, using a "negative option" process. This process—condemned by the Federal Trade Commission ("FTC") as inherently deceptive—automatically lards online checkout flows with supposedly optional junk fees, then forces consumers to find a way to remove them. Worse, Defendant provides no fair disclosure on how to remove the add-on fees.

4. Defendant's fee is a classic example of a company-imposed "junk fee" that serves solely as a profit generator for Defendant while providing no added value to consumers.

5. Defendant's Transaction Fee is deceptive because Defendant does not inform consumers that the fee is not permitted by their residential leases.

6. Indeed, the Transaction Fee amounts to additional, unexpected rent for tenants that is undisclosed in lease agreements. Defendant's knowing and intentional imposition of Transaction Fees over and above the contracted-for rent constitutes a tortious interference with contract.

7. Plaintiff and Class members are injured by Defendant's deceptive, unfair and illegal practices. Plaintiff brings this action on behalf of herself and the putative Class and seeks actual damages, restitution and injunctive relief on behalf of the general public to prevent Defendant from continuing to engage in its illegal practices described herein.

## II. PARTIES

8. Plaintiff Jessica Divens is a citizen and resident of Olympia, Washington. At all relevant times alleged herein, she was a tenant of a property in the State of Washington and was assessed a Transaction Fee for paying rent payments through Defendant's platform.

9. Defendant is a Delaware corporation headquartered in Virginia. Defendant offers several services to residential and commercial clients, including an online rent payment portal.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to Article 4, § 6 of the Constitution of the State of Washington and RCW 2.08.010.

11. Plaintiff is informed and believes that the Court has personal jurisdiction over Defendant because Defendant is a corporation authorized to conduct, and does conduct, business in this State. Defendant intentionally avails itself of the Washington market by conducting business throughout this State, including in Thurston County.

12. Venue is proper pursuant to RCW 4.12.025(3).

## IV. FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### A. Overview of Apartments.com

13. Apartments.com contracts with property management companies throughout the country to provide various marketing, leasing and resident services. Apartments.com's offerings for prospective tenants include apartment searching and browsing other rental listings, scheduling tours, contacting property management offices, submitting rental applications, signing lease agreements and collecting rent payments from consumers through its online payment processing platform.

14. Apartments.com is a major player in the United States property-management market, having processed over $20 billion in rent payments to date.

15. Apartments.com's online payment processing platform is how Plaintiff and Class members paid their rent and were assessed the Transaction Fee.

16. Consumers making their rental payments through Defendant's platform are automatically charged the Transaction Fee and are not informed of the amount Defendant charges for the Transaction Fee until the final "Confirm" payment screen.

17. At no point during the rental payment process are consumers informed of alternative means to pay their rent to avoid the Transaction Fee, leading consumers to believe the fee is mandatory and unavoidable.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

18. This pre-selection and automatic opting-in of consumers to junk fees is itself deceptive.

19. Defendant's inadequate and untimely disclosure of the Transaction Fee, as well as Defendant's failure to adequately inform consumers of alternative ways to pay their rent to avoid the Transaction Fee, render the Transaction Fee nothing more than a junk fee couched in an unlawful pay-to-pay scheme.

20. Upon information and belief, Defendant is aware that, by programming its online payment platform with a "negative option" to automatically opt-in consumers to pay Transaction Fees, it ensures that most consumers will unknowingly pay them. On information and belief, Defendant is further aware that, had it programmed its online platform to offer an *optional* Transaction Fee (requiring an opt-in or providing fairly disclosed options to remove or avoid such fees), the vast majority of consumers would not pay the Transaction Fee.

21. As the FTC notes, "[f]or years, unscrupulous direct-mail and brick-and-mortar retailers have used design tricks and psychological tactics such as pre-checked boxes, hard-to-find-and read disclosures, and confusing cancellation policies, to get consumers to give up their money or data."[1] The FTC further notes in its *Enforcement Policy Statement Regarding Negative Option Marketing* that "[a] 'pre-checked box' does not constitute affirmative consent."[2]

**B. The Rise of Junk Fees in Renting**

22. The proliferation of rental housing junk fees like Defendant's Transaction Fee has negatively impacted millions of renter households nationwide.[3]

---

[1] *FTC Report Shows Rise in Sophisticated Dark Patterns Designed to Trick and Trap Consumers* (Sept. 15, 2022), https://www.ftc.gov/news-events/news/press-releases/2022/09/ftc-report-shows-rise-sophisticated-dark-patterns-designed-trick-trap-consumers.

[2] FTC, *Enforcement Policy Statement Regarding Negative Option Marketing* at 13, https://www.ftc.gov/system/files/documents/public_statements/1598063/negative_option_policy_statement-10-22-2021-tobureau.pdf (emphasis added) (last visited Apr. 15, 2026).

[3] *"What the Heck, Dude!", How States Can Fight Rental Housing Junk Fees*, National Consumer Law Center at 5-7 (Sept. 2024), https://www.nclc.org/wp-content/uploads/2024/09/202409_Report_What-the-Heck-Dude.pdf.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

23. Additional, undisclosed fees tacked onto rent payments pose a real threat to consumers' financial stability, particularly considering that they force tenants to spend significant and unbudgeted sums of money each month on top of rent.[4]

24. "Commonly referred to as 'junk fees', these [Transaction] fees can be undisclosed, unpredictable, and arbitrary and can quickly accumulate for tenants, putting safe and decent rental housing even more out of reach."[5] These "surprise fees are imposed for services with little to no value," and "add up quickly, rendering advertised rental prices inaccurate and sometimes forcing tenants to spend hundreds of dollars each month on top of rents."[6]

25. In 2022, the National Consumer Law Center ("NCLC") conducted a survey of legal services and nonprofit attorneys throughout the country which examined various types of rental junk fees charged to renters in the rental housing market.[7] The survey revealed that 60% of respondents from 23 states observed convenience fees, and that "[s]ome housing providers no longer accept payment in person or by check, meaning that tenants have to pay their rent online," and often times, must do so "through third-party companies," like Defendant, "that charge fees."[8]

26. Defendant's failure to include its rental junk fees in the total cost of the advertised monthly rental rate is problematic—"While a renter may be able to manage and plan for high rents if they know about them in advance, they may not be expecting an array of junk fees, which could push them over their budgets."[9]

---

[4] *Junk Fees Toolkit*, National Low Income Housing Coalition ("NLIHC") State and Local Tenant Protection Series: A Primer on Renters' Rights at 7, https://nlihc.org/sites/default/files/2022-07/SLI_Rental_Fees_Toolkit.pdf (last visited Apr. 15, 2026).

[5] *Id.* at 3.

[6] *Id.* at 6.

[7] *Too Damn High, How Junk Fees Add to Skyrocketing Rents*, National Consumer Law Center (Mar. 2023), https://www.nclc.org/wp-content/uploads/2023/03/JunkFees-Rpt.pdf.

[8] *Id.* at 17-18.

[9] *Id.* at 6.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

27. Indeed, the FTC recently issued a warning to rental management software companies, including Defendant, that these practices may be unfair and deceptive. Specifically, the FTC stated:

> The FTC is committed to rooting out anticompetitive, unfair and deceptive acts or practices in the rental housing market. Consumers who search for potential rental housing units cannot meaningfully compare alternative choices without understanding the total price required to rent the advertised properties. When consumers do not know the total price of the advertised properties—or any product—they cannot make informed decisions, and the market cannot operate as efficiently as it otherwise would. And unfair and deceptive acts in the rental housing market in a time when hard-working Americans continue to suffer the effects of the Biden Administration's cost-of-living crisis are especially harmful to consumers and markets.
>
> Available information suggests that property management software providers are limiting the ability of rental property managers and owners to accurately advertise the total monthly rental price, inclusive of all mandatory fees. Property management software programs may cause consumer harm and harm to competition in the rental housing market when they do not accurately display complete pricing information across websites hosted on their platforms, or where they restrict property owners' and managers' ability to aggregate or convey accurate cost information to consumers on third-party listing sites.[10]

28. Thus, the FTC warned property management software providers, including Defendant, to comprehensively review their practices to ensure consumers are provided "with transparent rental prices."[11]

29. But Defendant's Transaction Fees impede that effort.

30. The consequences of these junk fees are significant. As a leading player in the third-party rental payment processing market recently acknowledged in a July 31, 2025, blog post, "[a]lmost half (49.7%) of renters spend over 30% of their income on housing, and nearly a quarter are severely burdened, paying more than half. That's a lot of people and money. The overall cost of renting, including utilities and other basic housing costs, has increased by

---

[10] *See* **Exhibit 1** (footnotes omitted).

[11] *See id.*



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

3.8% year-over-year—the largest annual real increase in rental costs since at least 2011. That, alongside an increase in grocery, gas, and utility expenses, makes it nearly impossible to have any financial breathing room—but rent waits for no one. Unfortunately, this could mean late fees, overdraft charges or even falling behind on rent."[12]

31. Despite the financial hardship consumers face meeting their monthly rental obligations, Defendant nevertheless charges these same consumers a Transaction Fee to make their monthly rental payments.

### C. Defendant Charges Consumers Transaction Fees for Processing Rent Payments

32. Defendant charges consumers a pay-to-pay Transaction Fee on rent payments in an amount beyond the price of consumers' monthly rent obligations.

33. Defendant's Transaction Fee is deceptive because Defendant does not inform consumers that it is charging a fee that is not already included in their residential leases, nor does it inform consumers that the fee is not permitted by their leases.

34. The Transaction Fee is not tethered to any actual processing or expense, nor does it constitute any service not reasonably already included in a residential lease, *viz*., the ability to make a payment under the lease. Instead, the fee is a pure profit generator for Defendant.

35. Reasonable consumers like Plaintiff understand the advertised cost for monthly rent to be the total cost of their rent obligation as represented—not the total cost of monthly rent *plus* an additional, undisclosed charge. In other words, Defendant's fee amounts to additional, unexpected rent for tenants above the amount they contracted for.

---

[12] https://www.rentcafe.com/blog/apartmentliving/tips-tricks-renters/managing-flexible-rent-payments/ (last accessed Mar. 3, 2026).



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

### D. Defendant's Transaction Fee is a Junk Fee that Violates Federal Guidance and State Consumer Protection Laws

36. Defendant's Transaction Fee is precisely the type of "junk fee" that has come under government scrutiny in recent years:

> Junk fees are fees that are mandatory but not transparently disclosed to consumers. Consumers are lured in with the promise of a low price, but when they get to the register, they discover that price was never really available. Junk fees harm consumers and actively undermine competition by making it impractical for consumers to compare prices, a linchpin of our economic system.[13]

37. As the FTC said recently in its effort to combat junk fees:

> [M]any consumers said that sellers often do not advertise the total amount they will have to pay, and disclose fees only after they are well into completing the transaction. They also said that sellers often misrepresent or do not adequately disclose the nature or purpose of certain fees, leaving consumers wondering what they are paying for or if they are getting anything at all for the fee charged.[14]

38. In a press release, FTC Chair Lina M. Khan has articulated the financial harm to consumers arising from fees like Defendant's:

> It's beyond frustrating to end up spending more than you budgeted because of random, arbitrary fees. No one has ever felt that a "convenience fee" was convenient. Companies should compete to provide the best quality at the best price, not to see who can squeeze the most added expenses out of consumers. That's especially true at a time when families are struggling with the effects of inflation.[15]

---

[13] The White House, *The Price Isn't Right: How Junk Fees Cost Consumers and Undermine Competition* (Mar. 5, 2024), https://bidenwhitehouse.archives.gov/cea/written-materials/2024/03/05/the-price-isnt-right-how-junk-fees-cost-consumers-and-undermine-competition/.

[14] Federal Trade Commission, *FTC Proposes Rule to Ban Junk Fees – Proposed rule would prohibit hidden and falsely advertised fees* (Oct. 11, 2023), https://www.ftc.gov/news-events/news/press-releases/2023/10/ftc-proposes-rule-ban-junk-fees.

[15] Federal Trade Commission, *Federal Trade Commission Explores Rule Cracking Down on Junk Fees*, Oct. 20, 2022, https://www.ftc.gov/news-events/news/press-releases/2022/10/federal-trade-commission-explores-rule-cracking-down-junk-fees.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

39. Defendant violates federal guidance and state consumer protection laws by charging the Transaction Fee for processing rent payments on its platform.

**E. Plaintiff Divens' Experiences**

40. From approximately November 2025 to September 2026, Plaintiff Divens rented an apartment in Washington and paid her rent via Defendant's online platform.

41. For example, on April 3, 2024, Plaintiff Divens paid her monthly rent via her debit card and was charged a $6.60 Transaction Fee from Defendant. The Transaction Fee was automatically added to her total.

42. Plaintiff Divens reasonably believed the Transaction Fee was a mandatory fee that she was required to pay in order to pay her monthly rent on Defendant's platform.

43. At no time during the rent payment transaction did Defendant adequately or transparently present the Transaction Fee as an optional charge.

44. Plaintiff Divens relied on Defendant's misrepresentations and omissions about Defendant's Transaction Fee in making her rent payment.

45. Had Plaintiff Divens known that she would be charged a useless Transaction Fee for making her rent payment, or that the Transaction Fee was avoidable, she would have chosen some other method to make her rent payment.

**F. Plaintiff's Claims Sounding in Fraud Are Alleged with Specificity**

46. Defendant is in the best position to know what content it placed on its platform during the relevant timeframe and the knowledge it had regarding the Transaction Fee and related disclosures. To the extent necessary, Plaintiff satisfies the pleading requirements for claims sounding in fraud by alleging the following facts with particularity:

47. **WHO**: Defendant unlawfully, unfairly, deceptively and/or misleadingly imposed the Transaction Fee on consumers paying their rent.

48. **WHAT**: Defendant's conduct was, and continues to be, fraudulent because it hid, concealed, obfuscated, or otherwise disguised additional charges to consumers paying their



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

rent. Defendant's conduct deceived Plaintiff and Class members into believing that the Transaction Fee is mandatory when paying their rent, when in reality the Transaction Fee is untimely disclosed, misleadingly disclosed, excessive and unlawfully charged. At all times relevant to this action, Plaintiff and Class members utilized Defendant's platform to make rental payments where Defendant then imposed the Transaction Fee. Defendant charged the Transaction Fee to all consumers paying their rent using a one-time electronic payment method. Defendant failed to post, display or otherwise adequately disclose the Transaction Fee to consumers during the signing of their lease agreements or during the rental payment process. Defendant knew, or should have known, that it failed to adequately disclose the Transaction Fee and that this fee is material to reasonable consumers, including Plaintiff and Class members. The Transaction Fee is a sham, a classic "junk fee." Any service purportedly provided by Defendant, which is allowing consumers to pay for their rent, is a core part of the aspect of the service Defendant is required to provide. The Transaction Fee is merely a second payment—in the form of a junk fee—for the convenience that consumers are already paying for.

49. **WHEN**: Defendant engaged in these unlawful, unfair, deceptive or otherwise misleading practices during the putative Class periods and at the time Plaintiff and Class members signed their lease agreements and made rental payments through Defendant's platform, prior to and at the time Plaintiff and Class members made claims after realizing the unlawful junk fee, and continuously throughout the applicable Class periods.

50. **WHERE**: Defendant's unlawful, unfair and deceptive junk fee was uniformly applied to consumers who made rental payments through Defendant's platform. Defendant's website, advertising and other marketing materials similarly failed to explain or otherwise disclose the Transaction Fee being charged.

51. **HOW**: Defendant hid, obfuscated or otherwise concealed from consumers the imposition of the Transaction Fee by describing the junk fee as an "Transaction Fee" in order to



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

prevent consumers from discovering the additional charges. Even if consumers were to discover the Transaction Fee through their own investigation, Defendant failed to explain or adequately disclose the nature of the Transaction Fee or reasonable alternatives to paying this fee, or why it was imposed.

52. **WHY**: Defendant engages in its unlawful, unfair and deceptive junk fee scheme in order to induce Plaintiff, Class members and all reasonable consumers to pay the undisclosed and unlawful Transaction Fee, resulting in significant revenues for Defendant.

53. **INJURY**: Plaintiff and Class members paid a premium or otherwise paid more for their rent than they otherwise would have absent Defendant's misrepresentations.

## V. TOLLING AND ESTOPPEL OF STATUTE OF LIMITATIONS

54. For years, Defendant had actual knowledge that it hid, obfuscated or otherwise concealed from consumers the imposition of the Transaction Fee by describing the junk fee as an "Transaction Fee" in order to prevent consumers from discovering the additional charges. Even if consumers were to discover the Transaction Fee through their own investigation, Defendant failed to explain or adequately disclose the nature of the Transaction Fee or reasonable alternatives to paying this fee, or why it was imposed.

55. Defendant has a duty to accurately disclose the fees it charges to consumers. Yet despite its duty and knowledge, Defendant misrepresented the Transaction Fee, knowing that it had no basis to do so.

56. Defendant made, and continues to make, affirmative misrepresentations to consumers to continue to profit off its pay-to-pay Transaction Fee scheme.

57. Defendant misrepresented material facts that are important to Plaintiff and Class members in deciding the manner in which they pay their rent. Defendant's misrepresentations were knowing, and it intended to, and did, deceive reasonable consumers, including Plaintiff and Class members.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

58. As a result, Plaintiff and Class members reasonably relied upon Defendant's affirmative misrepresentations of these material facts and suffered injury as a proximate result of that justifiable reliance.

59. The true extent and nature of the Transaction Fee as a junk fee was not reasonably detectible to Plaintiff and Class members.

60. At all times, Defendant actively and intentionally misrepresented the Transaction Fee and failed to inform Plaintiff and Class members of its true nature as well as alternative ways to avoid incurring the Transaction Fee. Plaintiff's and Class members' lack of awareness was thus not attributable to a lack of diligence on their part.

61. The statements, words and acts by Defendant were made for the purpose of misrepresenting the truth about the Transaction Fee.

62. Defendant misrepresented the Transaction Fee and alternative means of payment to avoid the Transaction Fee for the purpose of delaying Plaintiff and Class members from filing a complaint on their causes of action.

63. Due to Defendant's active misrepresentations and omissions to Plaintiff and Class members regarding the true nature of the Transaction Fee and alternative means to pay rent without subjecting them to it, any and all applicable statutes of limitations that may otherwise be applicable to the allegations are tolled. Moreover, Defendant is estopped from relying on any statute of limitations in light of its active misrepresentations and omissions regarding the Transaction Fee.

64. Furthermore, the causes of action alleged herein did not occur until Plaintiff and Class members discovered the true nature of the Transaction Fee and/or alternative means to avoid the payment of the Transaction Fee. Plaintiff and Class members had no realistic ability to discern that the Transaction Fee was not mandatory or that it was just a junk fee. In either event, Plaintiff and Class members were hampered in their ability to discover their causes of



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

action because of Defendant's active misrepresentation regarding the true nature of its Transaction Fee.

## VI. CLASS ACTION ALLEGATIONS

65. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated. The proposed class includes:

> During the fullest period allowed by law, all persons who were charged a Transaction Fee by Defendant when making a rent payment (the "Nationwide Class").

66. Plaintiff Divens further brings this action individually and as a representative of all those similarly situated and the members of the following class:

> During the fullest period allowed by law, all persons who were charged a Transaction Fee by Defendant in the State of Washington when making a rent payment (the "Washington Subclass").

67. Unless otherwise noted, the Nationwide Class and Washington Subclass are collectively referred to herein as the "Class."

68. Excluded from the Class are Defendant, its subsidiaries and affiliates, officers, directors and members of their immediate families and any entity in which Defendant has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned and the members of their immediate families.

69. Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add a subclass(es), if necessary, before this Court determines whether certification is appropriate.

70. **Numerosity**. The proposed Class is numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Defendant's records. The proposed Class is also sufficiently



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

ascertainable because Defendant has the administrative capability through its computer systems and other business records to identify all members of the proposed Class, and such specific information is not otherwise available to Plaintiff.

71. **Commonality**. The questions here are ones of common or general interests such that there is a well-defined community of interest among the proposed Class members. These questions predominate over questions that may affect only individual Class members because Defendant acted on grounds generally applicable to the proposed Class. Such common legal or factual questions include, but are not limited to:

a. Whether Defendant's Transaction Fee is unfair, unlawful, deceptive or misleading;

b. Whether Defendant's Transaction Fee violates the laws asserted herein;

c. Whether Plaintiff and the Class were harmed by Defendant's alleged misconduct;

d. Whether Defendant was unjustly enriched;

e. Whether Defendant tortiously interfered with Class members' lease agreements;

f. Whether Plaintiff and the Class are damaged and if so, the proper measure of damages; and

g. Whether an injunction is necessary to prevent Defendant from continuing to engage in the wrongful conduct described herein.

72. **Typicality**. Plaintiff's claims are typical of the claims of the other proposed Class members in that they arise out of the same wrongful business practice by Defendant, as described herein.

73. **Adequacy**. Plaintiff is more than an adequate representative of the proposed Class in that she suffered damages because of Defendant's improper business practices. Additionally:



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

a. Plaintiff is committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated and retained competent counsel experienced in the prosecution of consumer class actions;

b. There is no conflict of interest between Plaintiff and the unnamed Class members;

c. Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

d. Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

74. **Maintainability, Predominance & Superiority**. Common questions of fact or law concerning Defendant's liability to all Class members for charging Transaction Fees on rent payments predominate over any questions affecting only individual Class members. Plaintiff's proposed class action is the superior method for resolving this dispute because it is impracticable to bring proposed Class members' individual claims before the Court, especially where, as here, individual Class members' damages are relatively small. Class treatment permits many similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class action mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action, or of any litigation concerning this controversy which has already been commenced by or against members of the Class.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

75. **Final Declaratory or Injunctive Relief**. Defendant acted or refused to act on grounds generally applicable to each of the Class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each Class as a whole.

76. **Particular Issues**. Plaintiff's claims consist of particular issues that are common to all members of the Class and capable of class-wide resolution that will significantly advance the litigation.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Washington Consumer Protection Act (the "WCPA")**
**Violation of Wash. Rev. Code §§ 19.86, *et seq.***
***(By Plaintiff, individually, and behalf of the Washington Subclass)***

77. Plaintiff, individually, and on behalf of the Washington Subclass, realleges and incorporates paragraphs 1 through 76 as if fully set forth herein.

78. Defendant is a "person" within the meaning of the WCPA and conducts "trade" and "commerce" within the meaning of the statute. Plaintiff Divens and Class members are "persons" within the meaning of the statute. Payments wrongfully obtained from Plaintiff and Class members constitute "assets" within the meaning of the statute.

79. Defendant's actions as described herein are unfair and deceptive within the meaning of the WCPA. Specifically, Defendant charges fees that provide no added value to reasonable consumers, omitting and concealing the true nature of the fees, misrepresenting the mandatory nature of the fees, and misrepresenting the total cost of Plaintiff's and Class members' rent obligations.

80. Defendant's actions as described herein have the tendency or capacity to mislead reasonable consumers. Defendant's failure to adequately disclose the existence and nature of its fees to Plaintiff and Class members who utilize Defendant's rent payment platform is a deceptive and unfair practice.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

81. Defendant's actions are unfair in that they offend public policy and are immoral, unethical, oppressive and unscrupulous and cause substantial injury to consumers.

82. Defendant's actions are also unfair in that they were, and are, likely to cause substantial injury to consumers in the form of excessive, additional fees. These fees were not reasonably avoidable by consumers and not outweighed by countervailing benefits.

83. Defendant's actions as described herein occur in Defendant's trade or business and injured and deceived a substantial portion of the public. Defendant's general course of conduct has an impact on the public interest, and the acts complained of herein are ongoing.

84. As a direct and proximate result of Defendant's unfair and deceptive acts and practices in violation of the CPA, Plaintiff and members of the Class have been injured in their business or property, as Plaintiff and Class members lost money because of Defendant's unfair and deceptive fees.

85. Plaintiff and Class members are entitled to an order enjoining the conduct complained of herein, actual damages, treble damages, costs of suit, reasonable attorneys' fees and such further equitable relief as the Court may deem proper.

## SECOND CAUSE OF ACTION

**Tortious Interference with Contract**
***(By Plaintiff, individually, and on behalf of the Nationwide Class;***
***Alternatively, on behalf of the Washington Subclass)***

86. Plaintiff, individually, and on behalf of the Nationwide Class, and alternatively the Washington Subclass, realleges and incorporates paragraphs 1 through 76 as if fully set forth herein.

87. Plaintiff and members of the Class entered into valid lease agreements with rental property management companies and landlords based on their economic necessity for rental housing services. Defendant knew or should have known about this business relationship when it acted as the third-party platform through which Plaintiff and Class members were



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

required to make monthly rental payments to those rental property management companies and landlords.

88. Defendant intentionally and/or wrongfully interfered with those lease agreements to Plaintiff's and Class members' detriment by charging Transaction Fees, which amounted to undisclosed rent costs.

89. Defendant's act of charging Transaction Fees on Plaintiff's and Class members' rent payments was designed to induce and did induce breach and/or disruption of their contractual relationship with those entities.

90. Defendant's intentional interference caused Plaintiff and members of the Class actual harm in the form of the wrongfully collected Transaction Fees.

## THIRD CAUSE OF ACTION

**Unjust Enrichment**
***(By Plaintiff, individually, and on behalf of the Nationwide Class; Alternatively, on behalf of the Washington Subclass)***

91. Plaintiff, individually, and on behalf of the Nationwide Class, and alternatively the Washington Subclass, realleges and incorporates paragraphs 1 through 76 as if fully set forth herein.

92. To the detriment of Plaintiff and the Class, Defendant was, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

93. Plaintiff and the Class conferred a benefit on Defendant.

94. Defendant unfairly, deceptively, unjustly and/or unlawfully accepted said benefit, which under the circumstances, would be unjust to allow Defendant to retain.

95. Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

96. Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained Transaction Fees received by Defendant as a result of its inequitable conduct as more fully stated herein.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for herself and the proposed Class members and relief as follows:

a. Certifying the proposed Class(es), appointing Plaintiff as representative of the Class(es), and appointing Plaintiff's counsel as class counsel for the proposed Class(es);

b. Declaring that Defendant's Transaction Fee policies and practices described herein are improper;

c. Enjoining Defendant from engaging in the wrongful conduct as described herein on behalf of the general public;

d. Ordering Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

e. Awarding actual damages and statutory damages in an amount according to proof;

f. Awarding treble damages, as permitted by law;

g. Awarding pre-judgment interest at the maximum rate permitted by law;

h. Reimbursing all costs, expenses and disbursements accrued by Plaintiff in connection with this action, including reasonable attorneys' fees, costs and expenses, pursuant to applicable law and any other basis;

i. Granting Plaintiff and the Class(es) leave to amend their pleadings to conform to the evidence produced at trial; and

j. Awarding such other relief as this Court deems just and proper.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

DATED this 15th day of April, 2026.

TOUSLEY BRAIN STEPHENS PLLC

By: *s/Cecily C. Jordan*

Kim D. Stephens, P.S., WSBA #11984
Email: kstephens@tousley.com
Cecily C. Jordan, WSBA #50061
Email: cjordan@tousley.com
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Tel: (206) 682-5600
Fax: (206) 682-2992

Sophia G. Gold (pro hac vice forthcoming)
sgold@kalielgold.com
Amanda J. Rosenberg (pro hac vice forthcoming)
arosenberg@kalielgold.com
KALIELGOLD PLLC
490 43rd Street, Suite 122
Oakland, CA 94609
Telephone: (202) 350-4783

Jeffrey D. Kaliel (pro hac vice forthcoming)
jkaliel@kalielpllc.com
KALIELGOLD PLLC
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783

Melissa S. Weiner (pro hac vice forthcoming)
mweiner@pwfirm.com
Ryan T. Gott (pro hac vice forthcoming)
rgott@pwfirm.com
PEARSON WARSHAW, LLP
328 Barry Avenue S., Suite 200
Wayzata, Minnesota 55391
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

*Attorneys for Plaintiff and Putative Class*